## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **CALEB BASSETT,** | : | |
| | : | |
| **BLAKE BEELER,** | : | |
| | : | |
| **LOGAN OGLE, and** | : | |
| | : | |
| **FIREARMS POLICY** | : | Civil Rights Complaint |
| **COALITION, INC.,** | : | 42 U.S.C. § 1983 |
| Plaintiffs | : | |
| | : | |
| | : | Civil Action No. **3:21-cv-152** |
| | : | |
| **v.** | : | |
| | : | |
| **HERBERT SLATERY, in his** | : | |
| **official capacity as Attorney** | : | |
| **General of Tennessee,** | : | |
| | : | |
| **JEFF LONG, in his official** | : | |
| **Capacity as Commissioner** | : | |
| **of the Tennessee Department** | : | |
| **of Safety and Homeland Security,** | : | |
| Defendants | : | |
| | : | |

## <u>COMPLAINT</u>

COME NOW Plaintiffs Caleb Bassett, Blake Beeler, Logan Ogle, and

Firearms Policy Coalition, Inc., on behalf of themselves and those similarly situated,

by and through their attorneys, and complain of Defendants Herbert Slatery and Jeff

Long as follows:

## **INTRODUCTION**

1.  This is an action to uphold the right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee(s) the individual right to possess and carry" firearms. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2.  In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Id*. at 584.

3.  In *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment.

4.  "The very enumeration of the right (to keep and bear arms) takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *Heller*, 554 U.S. at 634 (italics original). "Constitutional rights are enshrined with the scope they were understood to have when the people

2

adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id*. at 634-35.

5. The "central"—but not the only—holding of the Supreme Court in *Heller* is "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald*, 561 U.S. at 780. The Second Amendment also "guarantee(s) the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

6. This is particularly true when it comes to handguns, as the *Heller* Court has explicitly recognized the handgun as "the quintessential self-defense weapon" in the United States, and that a complete prohibition on its carry and use is necessarily invalid. *Heller*, 554 U.S. at 629.

7. Plaintiffs wish to exercise their fundamental, constitutionally guaranteed right to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense. But they cannot because of the laws policies, practices, and customs that Defendants have been and continue to actively enforce today.

8. The State of Tennessee prohibits a certain class of law-abiding responsible citizens—namely, adults who have reached the age of 18 but are not yet 21— from fully exercising the right to keep and bear arms as guaranteed them under

3

the Second Amendment. At 18 years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. Yet the State bans such persons from carrying a loaded handgun in public for self-defense or any other lawful purpose under a criminal statutory scheme that Defendants actively administer, implement, and enforce against all such individuals.

9. Tennessee currently bars the carrying of handguns by ordinary citizens in public for self-defense unless they first acquire one of two available permits to carry a handgun: an "enhanced handgun carry permit" under Tenn. Code Ann. § 39-17-1351 or a "concealed handgun carry permit" under Tenn. Code Ann. § 39-17-1366. Tenn. Code Ann. § 39-17-1307 (prohibiting the general carry of firearms with the intent to go armed); Tenn. Code Ann. § 39-17-1308(a)(2) (establishing that a permit to carry a handgun pursuant to §§ 39-17-1351 or 39-17-1366 is a defense to prosecution for a violation of § 39-17-1307).

10. On April 8, 2021, Tennessee Governor signed into law Senate Bill 765 under Tennessee Public Chapter No. 108 ("PC 108"), which becomes effective on July 1, 2021.

11. PC 108 creates, in pertinent part, a new exception to the general prohibitions under section 39-17-1307 that provides for lawful *permitless* carry

4

(hereinafter the "PC 108 Exception"). However, this newly added permitless carry exception expressly applies only to individuals who are at least 21 years old. It excludes all young adults under 21 years of age (with the narrow exception of those who are at least 18 years old and are active or dishonorably discharged members of federal or state military branches).

12. The individual Plaintiffs in this case and all those similarly situated are not eligible to receive either permit to carry a handgun, nor do they fall within the PC 108 Exception because, although they are adult individuals over 18 years old, they are under 21 years old. Tenn. Code Ann. § 39-17-1351(b)(1) ("the department shall issue a permit to the applicant; provided … [¶] The applicant is at least twenty-one (21) years of age");[1] Tenn. Code Ann. § 39-17-1366(b)(3) (requiring applicants be eligible pursuant to § 39-17-1351(b) to obtain a concealed handgun carry permit).

13. Specifically, even though the Supreme Court in *Heller* has declared that to "bear arms" includes the "carry (of a firearm) ... in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person," 554 U.S. at 584, Plaintiffs and those similarly situated are prohibited on pain of criminal sanction from carrying a handgun

---

[1] As noted, the only exception for adults under the age of 21 is for those who are at least 18 and are active or honorably discharged members of state or federal military branches. Tenn. Code Ann. § 39-17-1351(b)(2).

in public pursuant to Tenn. Code Ann. § 39-17-1307 (including under the new PC 108 Exception which expressly excludes them from the permitless carry exception), and they are deemed absolutely ineligible to obtain either permit to carry a handgun pursuant to Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), laws that Defendants are actively administering, implementing, and enforcing against them.

14. Although Tenn. Code Ann. § 39-17-1308 establishes the possession of either an enhanced handgun carry permit or concealed handgun carry permit as a defense to the general prohibition to carrying firearms—and by extension an avenue to the legal carriage of a loaded handgun in public—Defendants' active enforcement of the State's prohibitions against adults under the age of 21 bars a broad class of persons, including Plaintiffs Bassett, Beeler, and Ogle, and all those who are similarly situated, from obtaining either permit to carry a handgun, and therefore categorically blocks them from the sole means of access for the lawful carry of a loaded handgun on their person in public, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

15. Likewise, once PC 108 becomes effective on July 1, 2021, the amendment to Tenn. Code Ann. § 39-17-1307 which creates an exception to the general prohibition on carrying a loaded firearm without a permit is expressly not

6

applicable to legal adults aged 18 to 21 years old, and therefore continues to leave the named Plaintiffs and those similarly situated precisely where they stood before the bill's signing: without a lawful means to exercise their fundamental right to carry a loaded handgun in public for self-defense or other lawful purposes.

16. Throughout American history, arms carrying was a right available to all peaceable citizens. Sometimes, it was even a duty. *See e.g.*, David B. Kopel & Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495, 573–577, 587 (2019) (listing illustrations of statutes requiring arms carrying by members of the general public to travel, work in the fields, work on roads and bridges, attend church, and attend court).

17. Moreover, young adults between 18 and 21 were fully protected by the Second Amendment at the time of its ratification. Hundreds of statutes from the colonial and founding eras not only permitted but required 18-to-20-year-olds to keep and bear arms. *See generally The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. at 573–577, 587.

18. At the time of the Founding, peaceable individuals 18 and older had the right to carry arms for self-defense and other lawful purposes. The tradition of disarming violent and dangerous persons was practiced from medieval England through mid-20th century America, but there is no tradition of

7

disarming nonviolent people like Plaintiffs Bassett, Beeler, and Ogle. *See generally* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 WYO. L. REV. 249 (2020).

19. Yet, Tennessee law erects an absolute barrier to the exercise of this right for Plaintiffs Bassett, Beeler, and Ogle, and all similarly situated 18-to-20-year-old citizens, by rendering them statutorily ineligible for the permits that the State mandates to lawfully carry a loaded handgun within its borders, and Defendants actively administer, implement, and enforce this statutory barrier pursuant to Tenn. Code Ann. §§ 39-17-1351(b)(1), 39-17-1366(b)(3), and 39-17-1307, and their related regulations, policies, practices, and customs designed to propagate the scheme denying the exercise of this fundamental right. And they will continue to so deny such individuals under the new PC 108 Exception when it becomes effective.

20. A violation of the State's prohibitions that Defendants actively enforce carries with it significant penal consequences: a first violation is a Class C Misdemeanor punishable by a fine up to $500, incarceration for up to exceed thirty days, or both; a subsequent violation is a Class B Misdemeanor punishable by a fine up to $500, incarceration for up to six months, or both; and if the violation occurs in a place open to the public with one or more persons present it is a Class A Misdemeanor punishable by a fine up to $2,500,

8

incarceration for up to eleven months, twenty-nine days, or both. Tenn. Code Ann. §§ 39-17-1307(a)(2)(A-C).

21. Thus, these laws that Defendants actively enforce prohibit Plaintiffs and those similarly situated from carrying loaded handguns in any place other than their place of residence, place of business, or personal premises, Tenn Code Ann. §§ 39-17-1307, 39-17-1308(a)(3)(A-C), and will continue to do so under the new PC 108 Exception, even for purposes of self-defense, in direct violation of the Second and Fourteenth Amendments to the United States Constitution under the authorities of *Heller* and *McDonald* and their progeny.

## **PARTIES**

22. Plaintiff Caleb Bassett is a natural person, over the age of 18 but under the age of 21, a citizen of Knox County, Tennessee and the United States, and a member of Firearms Policy Coalition. Plaintiff Bassett has never been charged with nor convicted of any misdemeanor or felony offense. It is his present intention and desire to procure either a concealed handgun carry permit or enhanced handgun carry permit to be able to lawfully carry a loaded handgun in public, including for purposes of self-defense, without violating the State's law. As a result of Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), as well as their eventual administration,

9

implementation, and enforcement of the PC 108 Exception, however, Plaintiff Bassett is and will remain precluded from obtaining either permit to carry a handgun. Consequently, he is and will otherwise remain subject to the carry restrictions under Section 39-17-1307, which, *inter alia*, bar him from carrying a loaded handgun in public for purposes of self-defense or other lawful purposes.

23. Plaintiff Blake Beeler is a natural person, over the age of 18 but under the age of 21, a citizen of Knox County, Tennessee and the United States, and a member of Firearms Policy Coalition. Plaintiff Beeler has never been charged with nor convicted of any misdemeanor or felony offense. It is his present intention and desire to procure either a concealed handgun carry permit or enhanced handgun carry permit to be able to lawfully carry a loaded handgun in public, including for purposes of self-defense, without violating the State's law. As a result of Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), as well as their eventual administration, implementation, and enforcement of the PC 108 Exception, however, Plaintiff Beeler is and will remain precluded from obtaining either permit to carry a handgun. Consequently, he is and will otherwise remain subject to the carry restrictions under Section 39-17-1307,

which, *inter alia*, bar him from carrying a loaded handgun in public for purposes of self-defense or other lawful purposes.

24. Plaintiff Logan Ogle is a natural person, over the age of 18 but under the age of 21, a citizen of Knox County, Tennessee and the United States, and a member of Firearms Policy Coalition. Plaintiff Ogle has never been charged with nor convicted of any misdemeanor or felony offense. It is his present intention and desire to procure either a concealed handgun carry permit or enhanced handgun carry permit to be able to lawfully carry a loaded handgun in public, including for purposes of self-defense, without violating the State's law. As a result of Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), as well as their eventual administration, implementation, and enforcement of the PC 108 Exception, however, Plaintiff Ogle is and will remain precluded from obtaining either permit to carry a handgun. Consequently, he is and will otherwise remain subject to the carry restrictions under Section 39-17-1307, which, *inter alia*, bar him from carrying a loaded handgun in public for purposes of self-defense or other lawful purposes.

25. Plaintiff Firearms Policy Coalition Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. The purposes

11

of FPC include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside Tennessee. FPC represents its members and supporters—who include gun owners, prospective gun owners, permit firearm retailers, and others—and brings this action on behalf of itself, its members, including the named Plaintiffs herein, supporters who possess all the indicia of membership, and similarly situated members of the public. FPC's members and supporters have been adversely and directly harmed by Defendants' administration, implementation, and enforcement of the laws, and related regulations, policies, practices, and customs challenged herein and will otherwise remain so adversely and directly affected under the PC 108 Exception once it becomes effective. FPC has expended and diverted resources because of Defendants' actions in propagating the same.

26. Defendant Herbert Slatery is the Attorney General of the Tennessee and is responsible for overseeing, implementing, and enforcing the State's criminal laws, regulatory programs, and related policies, practices, and customs including the State's handgun carry permitting scheme pursuant to Tenn.

Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits pursuant to Tenn. Code Ann. § 39-17-1307, including the PC 108 Exception once it becomes effective, and the related regulations, policies, practices, and customs designed to propagate the same. He is sued in his official capacity.

27. Defendant Jeff Long is sued in his official capacity as the Commissioner of the Tennessee Department of Safety and Homeland Security ("TNDS"). The TNDS is responsible for enforcing the State's criminal laws and implementing and administering certain regulatory programs, including the State's concealed carry permitting regime and the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits, including the PC 108 Exception once it becomes effective. The Tennessee Highway Patrol ("THP"), which is charged with the enforcement of the State's criminal laws throughout Tennessee, is a division of the TNDS. *See* https://publications.tnsosfiles.com/rules/1340/1340-history.pdf (Rules of Tennessee Department of Safety and Homeland Security, listing the divisions of the TNDS, which include the Highway Patrol Division).

28. As such, Defendant Long is responsible for administering, implementing, and enforcing by and through TNDS and the THP the handgun carry scheme

pursuant to Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits pursuant to Tenn. Code Ann. § 39-17-1307, including the PC 108 Exception once it becomes effective, and the related regulations, policies, practices, and customs designed to propagate the same.

## JURISDICTION AND VENUE

29. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

30. This action based on a violation of Plaintiffs' constitutional rights is brought under 42 U.S.C. § 1983 and seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

31. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Tennessee.

## THE LAWS AT ISSUE

32. Tenn. Code Ann. § 39-17-1307(a)(1) prohibits the "carr[ying], with the intent to go armed, a firearm or club."

14

33. Under Section 39-17-1307(a)(2)(A-C), both the open and concealed carry of a handgun in public are generally criminalized.

34. Unless a person falls within a special class of exemptions,[2] this general ban on public carry criminalizes all firearms carrying except the open carrying of *unloaded* firearms, carrying at a person's place of residence, business, or other personal premises, carrying for hunting or sport, or carrying of long guns to protect livestock. Tenn. Code Ann. § 39-17-1308(a)(1)-(11).

35. As noted, the PC 108 Exception was signed into law on April 8, 2021, and becomes effective July 1, 2021. In pertinent part, the underlying bill amends Tenn. Code Ann. § 39-17-1307 by adding the following new subsection:

> (g) It is an exception to the application of subsection (a) that a person carrying whether openly or concealed a handgun and:
>
> (1)(A) The person is at least twenty-one (21) years of age; or
>
> (B) The person is at least eighteen (18) years of age and:
>
> (i) Is an honorably discharged or retired veteran of the United States armed forces;
>
> (ii) Is an honorably discharged member of the army national guard, the army reserve, the navy reserve, the marine reserve, the air national guard, the air force reserve, or the coast guard reserve, who has successfully completed a basic training program; or
>
> (iii) Is a member of the United States armed forces on active duty status or is a current member of the army

---

[2] The exemptions apply only to certain members of law enforcement, the military, or the judiciary. Tenn. Code Ann. §§ 39-17-1308(a)(2), (a)(6), (a)(7), (a)(10), (a)(11), 39-17-1315.

nation guard, the army reserve, the navy reserve, the
marine corps reserve, the air national guard, the air force
reserve, or the coast guard reserve, who has successfully
completed a basic training program;
(2) The person lawfully possesses the handgun; and
(3) The person is in a place where the person is lawfully
present.

36. Until PC 108 becomes effective, the only avenue for an ordinary law-abiding person to lawfully carry a loaded handgun in public is to qualify for and obtain an "enhanced handgun carry permit" or a "concealed handgun carry permit." Tenn. Code Ann. §§ 39-17-1351, 39-17-1366. However, for young adults who have not yet attained the age of 21, only the few who fall into the class of active or honorably discharged members of state or federal military branches are eligible for either such permit. Tenn. Code Ann. §§ 39-17-1351(b)(2), 39-17-1366 (b)(3). All other law-abiding young adults, including Plaintiffs and all those similarly situated, are otherwise deemed entirely ineligible simply because they are not at least 21 years old. Tenn. Code Ann. §§ 39-17-1351(b)(1), 39-17-1366 (b)(3).

37. Even once PC 108 becomes effective, as a result of the express age requirement set forth in what will become Section 39-17-1307(g)(1)(A), ordinary law-abiding people aged 18 to 20 will still be left without a lawful avenue to carry a loaded handgun in public in the exercise of their fundamental rights.

16

38. Consequently, the laws, and related regulatory programs, policies, practices, and customs concerning the State's handgun carry permitting regime and the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits, which Defendants actively administer, implement, and enforce, flatly ban all law-abiding adults who are 18 to 20 years of age from exercising the right to carry a loaded handgun in public (unless they happen to fall within the narrow class of active or honorably discharged members of the armed forces), and Defendants will continue to do so under the PC 108 Exception which will continue to impose this bar against all such law-abiding young adults.

## THE IMPACT OF THE BAN ON THE PLAINTIFFS

### *Facts Relating to Plaintiff Bassett*

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Plaintiff Bassett is a 19-year-old resident of Knox County, Tennessee.

41. Plaintiff Bassett works full time as a welder.

42. Plaintiff Bassett is a law-abiding, responsible citizen.

43. Plaintiff Bassett is not a member of any federal or state branch or unit of armed forces.

44. Plaintiff Bassett is a member of Plaintiff FPC.

17

45.  For self-defense and other lawful purposes, Plaintiff Bassett desires to carry a loaded handgun in public outside of the home. Plaintiff Bassett has grown increasingly concerned with the rise in civil unrest, rioting, and street violence evident over the past year, and seeks to be able to protect himself in public.

46.  Plaintiff Bassett would lawfully acquire a handgun for such purposes upon his acquisition of a permit to carry a handgun.

47.  Based on Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351 and 39-17-1366, as well as their eventual administration, implementation, and enforcement of the PC 108 Exception, however, Defendants are precluding and will continue to preclude Plaintiff Bassett from obtaining a permit to carry a handgun and are subjecting and will continue to subject him to the carry prohibitions under Tenn. Code Ann. § 39-17-1307, which criminalize his carrying of a loaded handgun outside the home in public for any purpose, including self-defense.

48.  Due to Defendants' current administration, implementation, and enforcement of the State's handgun carry permitting regime pursuant to Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits, and their eventual administration, implementation, and enforcement of the PC 108 Exception, should Plaintiff Bassett even attempt to carry a

loaded handgun in public for any lawful purposes, including self-defense, he will become subject to criminal prosecution, conviction, and significant sanctions under Tenn. Code Ann. §§ 39-17-1307(2)(A-C).

49. Thus, although Plaintiff Bassett can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or be drafted into the armed forces, be called upon for federal and state militia service, and be held fully accountable before the law for criminal acts to the point of being executed, *see* 18 U.S.C. § 3591, Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351 and 39-17-1366, and their eventual administration, implementation, and enforcement of the PC 108 Exception, bars and will continue to bar Plaintiff Bassett from obtaining a permit to carry a handgun in public or otherwise lawfully carrying a handgun in public without a permit and thus bars and will continue to bar his right, in total, to lawfully carry a loaded handgun in public throughout this State under Section 39-17-1307.

50. Ironically, pursuant to Tennessee Statutes, § 39-17-1307, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions. Yet, under the state law, regulatory programs, and related policies, practices, and customs concerning the State's handgun carry

permitting regime which Defendants are actively enforcing, and which they will continue to enforce under the PC 108 Exception, even the most law-abiding 18-to-20-year-olds are deemed categorically too immature and irresponsible to carry loaded handguns in public for self-defense or any other lawful purpose. This is so even though they would, overnight, supposedly become mature and responsible enough if they were to join the military.

51.  Plaintiff Bassett is a responsible, law-abiding, peaceable citizen who is otherwise fully eligible for a permit and has no history of violent behavior or other conduct that poses any threat or danger to the public.

52.  Plaintiff Bassett desires to obtain a permit to carry a handgun, or to otherwise be exempt from the permit requirement, so that he would be exempt from the restrictions imposed by Tenn. Code Ann. § 39-17-1307 and able to carry a loaded handgun in the lawful exercise of his fundamental right to keep and bear arms for self-defense and other lawful purposes.

53.  Plaintiff Bassett has abstained from carrying a loaded handgun in public for all lawful purposes including self-defense, based on a real risk and credible fear of arrest, prosecution, monetary sanction, and incarceration pursuant to Tenn. Code Ann. § 39-17-1307, as implemented, enforced, directed, and otherwise propagated by Defendants, should Plaintiff Bassett even attempt to carry a loaded handgun in public for lawful purposes including self-defense.

And, absent the relief sought herein, he will have no choice but to continue abstaining from the exercise of this fundamental right even after July 1, 2021, because the PC 108 Exception continues to impose the same statutory bar.

54. Because Plaintiff Bassett is a law-abiding citizen and he would face criminal sanction for any attempt to carry a loaded handgun in public in violation of the permitting scheme, Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1307, 39-17-1351, and 39-17-1366, and the related regulations, policies, practices, and customs designed to implement and enforce the same, has forced Plaintiff Bassett to refrain from exercising his fundamental right to carry a loaded handgun in public for self-defense and other lawful purposes. And their eventual administration, implementation, and enforcement of the PC 108 Exception will continue to force Plaintiff Bassett into this untenable position.

### *Facts Relating to Plaintiff Beeler*

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Plaintiff Beeler is an 18-year-old resident of Knox County, Tennessee.

57. Plaintiff Beeler currently works part-time, and will be enrolling in full time college in the fall of 2021.

58. Plaintiff Beeler is a law-abiding, responsible citizen.

59. Plaintiff Beeler is not a member of any federal or state branch or unit of armed forces.

60. Plaintiff Beeler is a member of Plaintiff FPC.

61. For self-defense and other lawful purposes, Plaintiff Beeler desires to carry a loaded handgun in public outside of the home. As a result of his work schedule, Plaintiff Beeler must often leave his place of employment between 8:30 and 9:30 p.m. and walk through a dark parking lot to his vehicle. The parking lot and exterior or his place of employment are known to attract homeless and vagrants who frequent the area.

62. Plaintiff Beeler would lawfully acquire a handgun for such purposes upon his acquisition of a permit to carry a handgun.

63. Based on Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351 and 39-17-1366, and their eventual administration, implementation, and enforcement of the PC 108 Exception, however, Defendants are precluding and will continue to preclude Plaintiff Beeler from obtaining a permit to carry a handgun and are subjecting and will continue to subject Plaintiff Beeler to the carry prohibitions under Tenn. Code Ann. § 39-17-1307, which criminalize his carrying of a loaded handgun outside the home in public for any purpose, including self-defense.

64. Due to Defendants' administration, implementation, and enforcement of the State's handgun carry permitting regime pursuant to Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits, and their eventual administration, implementation, and enforcement of the PC 108 Exception, should Plaintiff Beeler even attempt to carry a loaded handgun in public for all lawful purposes including self-defense, he will become subject to prosecution, conviction, and significant sanctions under Tenn. Code Ann. §§ 39-17-1307(2)(A-C).

65. Thus, although Plaintiff Beeler can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or be drafted into the armed forces, be called upon for federal and state militia service, and even be held fully accountable before the law for criminal actions to the point of being executed, *see* 18 U.S.C. § 3591), Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351 and 39-17-1366 and their eventual administration, implementation, and enforcement of the PC 108 Exception, bars and will continue to bar Plaintiff Beeler from obtaining a permit to carry a handgun in public or otherwise lawfully carrying a handgun in public without a permit and thus bars and will continue to bar his right, in

total, to lawfully carry a loaded handgun in public throughout this State under Section 39-17-1307.

66. Ironically, pursuant to Tennessee Statutes, § 39-17-1307, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions. Yet, under the state law, regulatory programs, and related policies, practices, and customs concerning the State's handgun carry permitting regime which Defendants are actively enforcing, and which they will continue to enforce under the PC 108 Exception, even the most law-abiding 18-to-20-year-olds are deemed categorically too immature and irresponsible to loaded carry handguns in public for self-defense or any other lawful purpose. This is so even though they would, overnight, supposedly become mature and responsible enough if they were to join the military.

67. Plaintiff Beeler is a responsible, law-abiding, peaceable citizen who is otherwise fully eligible for a permit and has no history of violent behavior or other conduct that poses any threat or danger to the public.

68. Plaintiff Beeler desires to obtain a permit to carry a handgun, or to otherwise be exempt from the permit requirement, so that he would be exempt from the restrictions imposed by Section 39-17-1307 and able to carry a loaded

handgun in the lawful exercise of his fundamental right to keep and bear arms for self-defense and other lawful purposes.

69. Plaintiff Beeler has abstained from carrying a loaded handgun in public for all lawful purposes including self-defense, based on a real risk and credible fear of arrest, prosecution, monetary sanction, and incarceration pursuant to Tenn. Code Ann. § 39-17-1307, as implemented, enforced, directed, and otherwise propagated by Defendants, should Plaintiff Beeler even attempt to carry a loaded handgun in public for lawful purposes including self-defense. And, absent the relief sought herein, he will have no choice but to continue abstaining from the exercise of this fundamental right even after July 1, 2021, because the PC 108 Exception continues to impose the same statutory bar.

70. Because Plaintiff Beeler is a law-abiding citizen and he would face criminal sanction for any attempt to carry a loaded handgun in public in violation of the permitting scheme, Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. § 39-17-1307, 39-17-1351, and 39-17-1366, and the related regulations, policies, practices, and customs designed to implement and enforce the same, has forced Plaintiff Beeler to refrain from exercising his fundamental right to carry a loaded handgun in public for self-defense and other lawful purposes. And their eventual administration,

25

implementation, and enforcement of the PC 108 Exception will continue to force Plaintiff Beeler into this untenable position.

### *Facts Relating to Plaintiff Ogle*

71. The foregoing paragraphs are incorporated herein as if set forth in full.

72. Plaintiff Ogle is a 19-year-old resident of Knox County, Tennessee.

73. Plaintiff Ogle is a full-time student.

74. Plaintiff Ogle is a law-abiding, responsible citizen.

75. Plaintiff Ogle is not a member of any federal or state branch or unit of armed forces.

76. Plaintiff Ogle is a member of Plaintiff FPC.

77. For self-defense and other lawful purposes, Plaintiff Ogle desires to carry a loaded handgun in public outside of the home. Plaintiff Ogle wishes to be able to effectively defend himself outside the home. He additionally wishes to be able to provide effective defense of his parents, both of whom have health issues, while he is out in public in their company.

78. Plaintiff Ogle owns and possesses a Sig model M17 handgun that he would carry in public for self-defense if it were lawful for him to do so.

79. Based on Defendants' active administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1351 and 39-17-1366, and their eventual administration, implementation, and enforcement of the PC 108

26

Exception, however, Defendants are precluding and will continue to preclude Plaintiff Ogle from obtaining a permit to carry a handgun and are therefore subjecting and will continue to subject Plaintiff Ogle to the carry prohibitions under Tenn. Code Ann. § 39-17-1307, which criminalize his carrying of a loaded handgun outside the home in public for any purpose, including self-defense.

80. Due to Defendants' administration, implementation, and enforcement of the State's handgun carry permitting regime pursuant to Tenn. Code Ann. §§ 39-17-1351(b)(1) and 39-17-1366(b)(3), the general prohibition against carrying loaded handguns in public without the statutorily mandated carry permits, and their eventual administration, implementation, and enforcement of the PC 108 Exception, should Plaintiff Ogle even attempt to carry a loaded handgun in public for all lawful purposes including self-defense, he will become subject to prosecution, conviction, and significant sanctions under Tenn. Code Ann. §§ 39-17-1307(2)(A-C).

81. Thus, although Plaintiff Ogle can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or be drafted into the armed forces, be called upon for federal and state militia service, and even be held fully accountable before the law for criminal actions to the point of being executed, *see* 18 U.S.C. § 3591), Defendants' active administration, implementation,

27

and enforcement of Tenn. Code Ann. §§ 39-17-1351 and 39-17-1366 and their eventual administration, implementation, and enforcement of the PC 108 Exception, bars and will continue to bar Plaintiff Ogle from obtaining a permit to carry a handgun in public or lawfully carry a handgun in public without a permit and thus bars and will continue to bar his right, in total, to lawfully carry a loaded handgun in public throughout this State under Section 39-17-1307.

82. Ironically, pursuant to Tennessee Statutes, § 39-17-1307, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions. Yet, under the state law, regulatory programs, and related policies, practices, and customs concerning the State's handgun carry permitting regime which Defendants are actively enforcing, and which they will continue to enforce under the PC 108 Exception, even the most law-abiding 18-to-20-year-olds are deemed categorically too immature and irresponsible to loaded carry handguns in public for self-defense or any other lawful purpose. This is so even though they would, overnight, supposedly become mature and responsible enough if they were to join the military.

83. Plaintiff Ogle is a responsible, law-abiding, peaceable citizen who is otherwise fully eligible for a permit and has no history of violent behavior or other conduct that poses any threat or danger to the public.

84. Plaintiff Ogle desires to obtain a permit to carry a handgun, or to otherwise be exempt from the permit requirement, so that he would be exempt from the restrictions imposed by Section 39-17-1307 and able to carry a loaded handgun in the lawful exercise of his fundamental right to keep and bear arms for self-defense and other lawful purposes.

85. Plaintiff Ogle has abstained from carrying a loaded handgun in public for all lawful purposes including self-defense, based on a real risk and credible fear of arrest, prosecution, monetary sanction, and incarceration pursuant to Tenn. Code Ann. § 39-17-1307, as implemented, enforced, directed, and otherwise propagated by Defendants, should Plaintiff Ogle even attempt to carry a loaded handgun in public for lawful purposes including self-defense. And, absent the relief sought herein, he will have no choice but to continue abstaining from the exercise of this fundamental right even after July 1, 2021, because the PC 108 Exception continues to impose the same statutory bar.

86. Because Plaintiff Ogle is a law-abiding citizen and he would face criminal sanction for any attempt to carry a loaded handgun in public in violation of the permitting scheme, Defendants' active administration, implementation,

29

and enforcement of Tenn. Code Ann. § 39-17-1307, 39-17-1351, and 39-17-1366, and the related regulations, policies, practices, and customs designed to implement and enforce the same, has forced Plaintiff Ogle to refrain from exercising his fundamental right to carry a loaded handgun in public for self-defense and other lawful purposes. And their eventual administration, implementation, and enforcement of the PC 108 Exception will continue to force Plaintiff Ogle into this untenable position.

### *Facts Relating to*
### *Plaintiff Firearms Policy Coalition*

87. The foregoing paragraphs are incorporated herein as if set forth in full.

88. FPC is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California.

89. The purposes of FPC include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

90. FPC has members throughout the United States, who reside both within and outside Tennessee.

91. FPC represents its members and supporters, who include gun owners, prospective gun owners, licensed firearm retailers, and others.

92. FPC brings this action on behalf of itself, its members, including the named individual Plaintiffs herein, supporters who possess all the indicia of membership, and similarly situated members of the public.

93. FPC's members and supporters, and those similarly situated, have been adversely and directly harmed by Defendants' administration, implementation, and enforcement of the laws, regulations, policies, practices, and customs challenged herein. And, absent the relief sought herein, they will continue to be so adversely and directly affected under the PC 108 Exception once it becomes effective.

94. FPC reasonably fears the prosecution of its members and supporters, and those similarly situated, by and through Defendants' administration, implementation, and enforcement of the laws, regulations, policies, practices, and customs challenged herein.

95. FPC has expended and diverted resources because of the Defendants' administration, implementation, and enforcement and resultant policies, practices, and customs challenged herein.

## COUNT I: VIOLATION OF THE SECOND AND FOURTEENTH AMENDMENTS
### (*All Plaintiffs v. All Defendants*)

96. The foregoing paragraphs are hereby incorporated herein as if set forth in full.

97. The Second Amendment of the United States Constitution provides that "the right of the people to keep and bear arms shall not be infringed." This constitutional guarantee is incorporated against the States through the Fourteenth Amendment. *McDonald*, 561 U.S. at 791; *Id.* at 806 (Thomas, J., concurring).

98. The Supreme Court has held that the right to keep and bear arms is a fundamental right, the core of which is for self-defense. *Heller*, 554 U.S. at 581.

99. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

100. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

101. Plaintiffs Bassett, Beeler, and Ogle, along with those similarly situated, are law-abiding, peaceable citizens of Tennessee and the United States who desire to lawfully own, possess, and utilize firearms and ammunition, and to carry

32

loaded handguns and ammunition on public streets and public property throughout this State without being subjected to criminal prosecution simply because the State's permitting scheme which Defendants are actively administering, implementing, and enforcing renders them ineligible for the permit required to lawfully carry a loaded handgun in public and, after July 1, 2021, it will render them ineligible for the new exception for permitless carry.

102. Defendants have violated the right of Plaintiffs and all those similarly situated to keep and bear arms by and through their administration, implementation, and enforcement of Tenn. Code Ann. §§ 39-17-1307(a), 39-17-1351(b)-(c) and 39-17-1366(b)(3), as well as their eventual administration, implementation, and enforcement of the PC 108 Exception, and the related regulations, policies, practices, and customs preventing Plaintiffs and those similarly situated from carrying a loaded handgun on public streets and public property in the lawful exercise of their fundamental right to do so.

103. Defendants' administration, implementation, and enforcement of Sections 39-17-1307, 39-17-1351 and 39-17-1366 and the regulations, customs, practices, and policies related thereto, as well as their eventual administration, implementation, and enforcement of Tenn. Code Ann. § 39-17-1307(g)(1)(A) as created under the soon-to-be-effective PC 108 Exception, constitute an infringement of and an impermissible burden upon the right of Plaintiffs and

33

all those similarly situated to keep and bear arms under the Second and Fourteenth Amendments of the U.S. Constitution, especially since this enforcement activity prevents Plaintiffs from "wear[ing], bear[ing], or carry[ing a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584.

104. Defendants' active administration, implementation, and enforcement of the laws and related regulations, customs, practices, and policies challenged herein force Plaintiffs and all those similarly situated to either comply with the draconian and unconstitutional permitting mandate (which they *cannot* do as a matter of state law)—and to thereby relinquish their fundamental rights to exercise lawful armed defense of themselves, their loved ones, and their property—or be subjected to criminal prosecution and sanction.

105. Therefore, as a direct and proximate result of the above infringement of and impermissible burden on the right of Plaintiffs and all those similarly situated under the Second and Fourteenth Amendment rights, Plaintiffs and all those similarly situated have suffered an unlawful deprivation of their fundamental constitutional right to keep and bear arms and will continue to suffer such injury unless and until granted the relief they seek herein.

106. Plaintiffs have incurred nominal damages, attorney fees, and costs as a direct result of prosecuting the present court action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, as follows:

a) Declare that Tenn. Code Ann. § 39-17-1307, its derivative regulations, and all related laws, policies, procedures, practices, and customs violate the right of Plaintiffs and all those similarly situated to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

b) Preliminarily, and thereafter permanently, enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiffs, and those similarly situated, Tenn. Code Ann. § 39-17-1307 and all its derivative regulations, and all related laws, policies, procedures, practices, and customs that impede or would impede Plaintiffs and those who are similarly situated from exercising their right to keep and bear arms or sanction them for it;

c) Declare that Tenn. Code Ann. §§ 39-17-1351(b)-(c) its derivative regulations, and all related laws, policies, procedures, practices, and customs violate the right of Plaintiffs and all those who are similarly situated to keep and bear

35

arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

d) Preliminarily, and thereafter permanently, enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from administering, implementing, or enforcing against Plaintiffs, and those similarly situated, Tenn. Code Ann. §§ 39-17-1351(b)-(c) and all its derivative regulations, and all related laws, policies, and procedures that impede or would impede Plaintiffs and those who are similarly situated from exercising their right to keep and bear arms or sanction them for it;

e) Declare that Tenn. Code Ann. §§ 39-17-1366(b)(3) its derivative regulations, and all related laws, policies, procedures, practices, and customs violate the right of Plaintiffs and all those who are similarly situated to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

f) Preliminarily, and thereafter permanently, enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from administering, implementing, or enforcing against Plaintiffs, and those similarly situated, Tenn. Code Ann. §§ 39-17-1366(b)(3) and all its derivative regulations, and all related laws, policies, procedures, practices, and customs that impede or would impede Plaintiffs and those who are

36

similarly situated from exercising their right to keep and bear arms or sanction them for it;

g) Award Plaintiffs costs, attorney fees, and all other allowable expenses pursuant to 42 U.S.C. § 1988 and all applicable laws; and,

h) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

/s/ Jay L. Johnson
Jay L. Johnson
TN Bar No. 020155
JOHNSON LAW FIRM
105 Crook Avenue
PO Box 97
Henderson, TN 38340
P: 731-989-2608
E: jay@jayjohnsonlawfirm.com

Raymond M. DiGuiseppe
THE DIGUISEPPE LAW FIRM, P.C.
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
P: 910-713-8804
E: law.rmd@gmail.com
*Pro Hac Vice Forthcoming*

William Sack
FIREARMS POLICY COALITION
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 596-3492
E: wsack@fpclaw.org
*Pro Hac Vice Forthcoming*