IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CALEB BASSETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:21-cv-152 |
| ) | Judge Katherine A. Crytzer |
| HERBERT SLATERY, et al., ) | Magistrate Judge Debra C. Poplin |
| ) | |
| Defendants. ) | |

## JOINT RULE 26(f) REPORT
## AND PROPOSED INITIAL CASE MANAGEMENT ORDER

On March 29, 2022, the parties conferred as ordered by the Court (D.E. 24) and pursuant to Fed. R. Civ. Pro. 26(f), and now submit the present Rule 26(f) report and proposed initial case management order.

1. **INTRODUCTION:** The Court has not yet held a scheduling conference in this matter, and the parties understand that the Court will determine whether to hold such conference after receiving the present report.

    a. **Plaintiff's Theory of the Case:** Simply put, Plaintiffs' claims prevail because the laws at issue bar them from exercising the fundamental rights guaranteed them under the Second Amendment, and the case authority on which Defendants rely to support a contrary conclusion is wrongly decided. The current movement for legislative change under House Bill 1735 and Senate Bill 2291, to which Defendants now point, just punctuates this reality. Beyond that, Defendants' claim that General Slatery "is not a proper party to this litigation" is improper and untimely at this stage of the case, and their assertion that this case will become "moot" in light of the potential legislative changes is both premature and fails to recognize the significance of Plaintiffs' having sought injunctive *and* declaratory relief as to each of the challenged laws. *See* Dkt. No. 1 (Prayer for Relief, §§ (a), (c), (e)).

    b. **Defendants' Theory of the Case:** Tennessee's firearm laws that restrict 18-to-20-year-olds from carrying a handgun without a license is constitutional. As explained in Defendants' motion to dismiss (D.E. 14, 15), Courts have routinely held that age-based restrictions on gun possession are presumptively constitutional, and as recently as 2021, another federal court

examined a challenge to a statutory scheme remarkably similar to the Tennessee laws in question here and found that it was indeed constitutional.

Additionally, Defendants wish to note for the Court that House Bill 1735 and Senate Bill 2291 are currently before the Tennessee legislature. These bills, if passed, would allow 18-to-20-year-olds to carry a handgun without a permit, thus mooting Plaintiffs' lawsuit, which consists entirely of claims for injunctive and declaratory relief.

Finally, General Slatery is not a proper party to this litigation—he has no role in enforcing the laws at issue.

2. **JURISDICTION:** In this case, the subject matter jurisdiction of the Court is not in dispute. Plaintiffs have invoked the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343.

3. **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:** The possibility of settlement is not known at this time. The parties are advised of the availability of the Federal Mediation Program (*see* Local Rule 16.4) and will consider utilization of the program.

4. **DISCLOSURES AND DISCOVERY; INCLUDING EXPERTS:**

    a. **Rule 26(f) Meeting and Discovery Plan:** The parties met on March 29, 2022, and their discussion included outstanding discovery issues and concerns. They have identified at least one issue they would appreciate discussing with the Court and asking for the Court's guidance. Specifically, Plaintiff has named as a Defendant Herbert H. Slatery, in his official capacity as the Attorney General of Tennessee. In order to ensure that they are meeting all discovery obligations, Defendants have placed General Slatery on a litigation hold, and have conducted additional interviews of relevant custodians in the Attorney General's Office.

    Maintaining a litigation hold on the Attorney General has been onerous because it requires preservation of materials beyond the requirements of Records Disposition Authorizations ("RDAs") and requires regular oversight from the Office's information technology support staff. Moreover, the Attorney General is the legal representative for the State of Tennessee, and the vast majority of any materials in his possession are likely privileged. Therefore, in Defendants' view, it is unlikely that these burdensome measures are proportional to the needs of the case, nor in any way likely to lead to discoverable evidence, *especially considering that the case deals with a purely legal question regarding the constitutionality of firearms laws*. From Defendants' perspective, it is unlikely that the Attorney General's emails or the emails of Assistant Attorney Generals could be probative of the issues before the Court.

    Defendants have requested that Plaintiffs agree that continued preservation of these materials is not necessary. Plaintiffs, however, see this as an unusual request given the normal obligations of governmental entities who are defendants in such cases. They have advised Defendants that they are willing to consider some kind of agreement that

fairly and appropriately balances the parties' competing interests and concerns. To that end, they have requested Defendants submit a written proposal of specific terms and conditions to Plaintiffs' counsel who could then consider and discuss the proposal with their clients. Defendants have not submitted such a proposal to date. During the parties' most recent discussion at the Rule 26 conference, they agreed that guidance is necessary from this Court regarding the terms and conditions of any such agreement and how the related costs of preserving and/or searching these records should be fairly allocated between them.

b. **Electronic Discovery:** Because this is a purely legal question regarding the constitutionality of firearms laws, Defendants do not believe electronic discovery is necessary in this case. Plaintiffs note that any understanding the parties may reach concerning the evidence preservation matters addressed above could affect the general subject of the electronic discovery to the extent such evidence is stored electronically.

c. **Initial Disclosures:** The parties agreed to complete initial disclosures under Fed. R. Civ. P. 26(a)(1) by **April 28, 2022**.

d. **Protective Orders:** In the event a need for a protective order arises, the parties shall endeavor to reach an agreement as to a protective order. In the absence of agreement, either party may file a motion for a protective order.

e. **Expert Testimony:** Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) shall be made by the plaintiff(s) on or before **January 20, 2023**, and by defendant(s) on or before **February 24, 2023**. Parties shall disclose rebuttal expert testimony no later than **March 10, 2023**. Parties shall supplement these disclosures when required under Fed. R. Civ. P. 26(e).

f. **All Discovery:** All discovery, including expert depositions, shall be completed by **May 8, 2023**. All written discovery requests should be served sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline**.**

g. **Motion to Compel:** Prior to filing a motion to compel, relevant parties shall meet and confer in an attempt to resolve the dispute. If the relevant parties are unable to resolve the dispute informally, the relevant parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file an appropriate written motion with the Court. Any written motion shall include a certification of compliance with this subsection and, if applicable, the written certification required by Fed. R. Civ. P. 37(a)(1).

5. **Other Scheduling Matters and Motion Practice**

a. **Amendment of Pleadings/Joinder:** Any motion to amend the pleadings or add parties should be filed on or before **March 10, 2023**.

3
Case 3:21-cv-00152-KAC-DCP   Document 25   Filed 04/05/22   Page 3 of 10   PageID #: 152

b. **Dispositive Motions:** All dispositive motions under Fed. R. Civ. P. 12 and 56 shall be filed on or before **June 26, 2023**. Any untimely motion may be summarily denied. Per Local Rule 7.1(a), a responding party shall have **twenty-one (21) days** after the date a dispositive motion is filed to respond, after which time the Court may proceed to rule upon the motion on the basis of the record as it then appears.

c. **Expert Witness and Daubert Motions:** Objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and Daubert, shall be filed by **June 26, 2023**. Responses shall be filed on or before **July 24, 2023**. Pursuant to Local Rule 7.1(c), unless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court.

Any applicable objection must be filed by this date or an extension thereof. Otherwise, the objection is deemed waived. If a party desires to take the deposition of a proposed expert prior to filing an objection under this subsection, it must do so and file the objection by this deadline.

d. **Motions in Limine:** Motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) must be filed by **August 21, 2023**. Responses must be filed on or before **September 25, 2023**. Motions in limine may be heard at the final pretrial conference.

If the Court grants a motion in limine excluding a portion of a recording, counsel must edit the recording to conform to the Court's order, or the recording will not be admitted into evidence.

**The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony in full or in part pursuant to Federal Rules of Evidence 701 through 706 must be filed on or before the Daubert motion deadline.**

e. **Other Nondispositive Motions:** All nondispositive motions other than motions in limine shall be filed on or before **August 21, 2023**. Consistent with Local Rule 7.1(a), responses must be filed on or before **September 4, 2023**.

f. **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **September 8, 2023**, **thirty (30) days** before the final pretrial conference, the parties shall make pretrial disclosures in accordance with the following:

Provide to all parties a final witness list in accordance with Rule 26(a)(3). The list may be supplemented within **five (5) days** after service. After that time the list shall only be supplemented with leave of Court and for good cause.

Exchange exhibit lists and designations of depositions, or portions thereof, to be placed

in evidence and produce the exhibits for inspection by the opposing parties.

Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. Objections must be filed at least **twenty-one (21) days** prior to the final pretrial conference, i.e., by **September 18, 2023**. Unless written objection is made to the authenticity and/or admissibility of an exhibit, an objection to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause.

Furnish opposing parties a list of damages if damages are claimed.

**Failure to fully comply with this section will likely result in the exclusion of these items from use at trial in that party's case-in-chief.**

    g. **Depositions for Evidence:** Depositions for evidence (proof) shall be completed by **September 8, 2023, thirty (30) days** prior to the final pretrial conference**.**

6. **Final Pretrial Conference and Pretrial Orders**

    a. **Final Pretrial Conference:** A final pretrial conference will be held on **October 8, 2023**, at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C**.**

    b. **Final Pretrial Order:** A proposed final pretrial order shall be filed **five (5) days** before the final pretrial conference. The order shall contain the following recitals**:**

        i. **Jurisdiction**.

        ii. **Admissions and Stipulations**. The parties shall set out in numbered paragraphs each fact that is not in dispute. The parties are reminded that the Court, in an effort to reduce the need for evidence at and length of trial, expects the parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the Court will read this section to the jury and instruct the jury to accept these stipulated facts as true.

        iii. **General Nature of the Claims of the Parties**:

            1. **Summary of the plaintiff's theory**. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and must be able to state precisely and succinctly the issues to be tried. Each claim must be set out in a separately numbered and labeled paragraph.

            2. **Summary of each defendant's theory**. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon

and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A defendant is expected to know the defenses and must be able to state precisely and succinctly the issues to be tried. Each defense must be set out in a separately numbered and labeled paragraph.

    3.    **Contested Issues of Law**.

    4.    **Novel or Unusual Questions of Law or Evidence**.

    5.    **Damages**. If damages cannot be stipulated, each party must show the method by which damages should be calculated if awarded.

    6.    **Other Trial Information and Other Matters**.

        a.    That the pleadings are amended to conform to the pretrial order.

        b.    Estimated length of trial (in eight (8) hour days).

        c.    Possibility of settlement.

        d.    Any miscellaneous matters that may contribute to the just, speedy, and inexpensive disposition of the case.

**Forty-five (45) days** before the final pretrial conference, plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within **five (5) business days** after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to proposed pretrial order content. The parties shall make good faith efforts to reconcile all differences without the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's chambers at **least twenty-one (21) days** before the final pretrial conference that the parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered ex parte by the Magistrate Judge may be sought by motion filed **ten (10) days** following entry of the order.

**Failure to file an agreed pretrial order or to notify the undersigned's chambers that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action, and the Court may dismiss the action. See Fed. R. Civ. P. 41(b).**

7.    <u>**Filings Required after Final Pretrial Conference**</u>**:** At least **seven (7) days** before trial, counsel will**:**

a. File a final witness list identifying only the witnesses that will be used at trial. This list shall not identify any witness not appearing on the witness list referenced above**;**

b. File a list of damages. The Court prefers a stipulated list of damages. However, if an agreement cannot be reach, each party must file a list showing the amount of damages and method of determining damages**;**

c. File designations of depositions or portions thereof which will be read at trial**;**

d. File as an exhibit the resumes of any expert witnesses**;**

e. **Jointly** submit pre-marked exhibits. Plaintiff's exhibits shall be numbered numerically; e.g., Ex. 1, 2, 3, etc. Defendant's exhibits shall be listed alphabetically, e.g., Ex. A, B, C, etc. In cases with more than one plaintiff or defendant, please identify the appropriate party on each exhibit; e.g., in a case with three corporate defendants: Corporation 1 Ex. A, Corporation 2 Ex. A, Corporation 3 Ex. A;

f. File briefs of all contested issues of law; and

g. For non-jury issues, file proposed findings of fact and conclusions of law with citations of authority supporting the latter**.**

h. **Jury Instructions:** At least **ten (10) days** before a jury trial, the parties shall file requests for jury instructions, citing with each request at least one supporting authority. The parties shall also submit the proposed instructions as a Word document via e-mail to the undersigned's chambers.

8. **Trial:** The trial will be in Knoxville, Tennessee at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C, before the undersigned [and a jury] beginning on **October 23, 2023**. The expected length of trial is **three to four** days.

    Should the scheduled trial date change for any reason, the other dates contained in this order that are not expressly tied to the trial date shall remain as scheduled.

9. **Courtroom Technology Equipment:** The evidence presentation system facilitates and expedites hearings and trials. Attorneys are encouraged to familiarize themselves with this technology and to make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy, Mr. Jason Huffaker, at least **two (2) days** prior to a hearing or trial so the equipment is ready for use. The courtroom deputy will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

    The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial. The Court will

release admitted evidence to the jury during deliberations, unless the Court specifically directs otherwise, and the evidence may be played back by the jury in the deliberation room. To best facilitate presentation of evidence at trial and use of the JERS, the parties are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy no later than **seven (7) days** before trial. The exhibits shall be the exhibits that were previously marked and numbered by the parties. The exhibits SHALL BE SUMBITTED IN ELECTRONIC FORMAT. It is preferred that the parties provide all electronic evidence files on USB drives, DVDs, or CDs.

Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy.

10. **Conclusion:** A failure to comply with the provisions of this order may result in the exclusion of witnesses, exhibits, depositions, or damages, as the case may be.

Respectfully Submitted,

s/ Raymond M. DiGuiseppe
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com
*Counsel for Plaintiffs*

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Dean S. Atyia
Dean S. Atyia (B.P.R. No. 039683)
Acting Assistant Attorney General
Dean.Atyia@ag.tn.gov

s/ Miranda Jones
Miranda Jones (B.P.R. No. 36070)
Assistant Attorney General
Miranda.Jones@ag.tn.gov

Law Enforcement and

Special Prosecutions Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-1600
Fax: (615) 532-4892
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served through the electronic filing system on this the 5th day of April 2022, upon the following:

Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

William Aaron Sack, I
Firearms Policy Coalition
1215 K Street
17th Floor
Sacramento, CA 95814
Phone: 916-596-3492
Email: wsack@fpclaw.org

Jay Lance Johnson
Johnson Law Firm
P.O. Box 97
Henderson, TN 38340
731-989-2608
Fax: 731-898-2634
Email: Jay@JayJohnsonLawFirm.com
*Counsel for Plaintiffs*

s/ Dean S. Atyia
Dean S. Atyia