UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE BEELER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No.:   3:21-CV-152-KAC-DCP |
| | ) |
| JEFF LONG, | ) |
| | ) |
| Defendant. | ) |

## ORDER SETTING HEARING AND BRIEFING SCHEDULE

On January 23, 2023, the Parties filed a one-line "Joint Motion to Enter Agreed Order" [Doc. 41], without any citation to authority, asking this Court to enter a proposed "Agreed Order" [Doc. 41-1] that "reflects the Parties' agreement on the disposition of this litigation" [Doc. 41 at 1]. The "Joint Motion" and accompanying proposed "Agreed Order" ask the Court to make numerous legal pronouncements based on the record currently before the Court and pursuant to the Parties' Agreement.

*First*, the proposed "Agreed Order" contemplates that the Court would "**ORDER**[]" that "[t]he Challenged Scheme regulating the possession and carrying of handguns that restricts individuals aged 18 years old to 20 years old from carrying handguns or obtaining permits to carry handguns on the basis of age alone violates the Second and Fourteenth Amendments to the United States Constitution" [Doc. 41-1 at 2]. Further the proposed "Agreed Order" contemplates that the Court would "permanently enjoin[]" Defendant Commissioner Jeff Long "and his officers, agents, employees, and all others acting under his direction and control" "from implementing or enforcing the Challenged Scheme" [*Id.* at 3]. *Second*, the Parties request that the Court "award[] attorneys' fees and costs to Plaintiffs in the amount of $47,250" "[p]ursuant to 42 U.S.C. § 1988(b)" [*Id.*].

*Finally*, the Parties ask the Court to "retain[] jurisdiction for the purpose of enforcing this Agreed Order and its provisions, including but not limited to its declaration of law and permanent injunction" [*Id.* at 4].

On **February 15, 2023, at 10:00 a.m.**, the Court will hold an in-person[1] hearing on the "Joint Motion to Enter Agreed Order" [Doc. 41]. On or before **February 8, 2023**, the Parties **SHALL** file a joint supplemental brief, or separate supplemental briefs if agreement is not reached, addressing:

1. The basis for any declaration of law or injunction to issue from this Court;

2. The basis for Plaintiffs to qualify as "prevailing part[ies]" under 42 U.S.C. § 1988(b) and for an award of $47,250 in attorneys' fees and costs to issue; and

3. The basis for, and feasibility of, the Court retaining jurisdiction to enforce the proposed "Agreed Order and its provisions, ***including but not limited to its declaration of law and permanent injunction***" [Doc. 41-1 at 4 (emphasis added)].

No supplemental brief shall exceed fifteen (15) pages in length.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

---

[1] Raymond M. DiGuiseppe, co-counsel for Plaintiffs, may appear at the hearing telephonically.