IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE BEELER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:21-cv-152 |
| | ) Judge Katherine A. Crytzer |
| JEFF LONG, | ) Magistrate Judge Debra C. Poplin |
| | ) |
| Defendant. | ) |

## JOINT SUPPLEMENTAL BRIEF

As the Court has ordered (D.E. 42), the Parties submit this supplemental brief to the Court to address the questions the Court has raised regarding its ability to provide the relief specified in the proposed Agreed Order, which the Parties filed on January 23, 2023, (D.E. 41-1).

### FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2023, the Parties reached an agreement to resolve this case consistent with Plaintiffs' requested relief in their First Amended Complaint (D.E. 30.) and filed a proposed Agreed Order. (D.E. 41, 41-1.)

On February 1, 2023, the Court set the hearing for February 15, 2023, and ordered the Parties to submit joint supplemental briefing, or separate briefs if the Parties could not reach agreement, addressing the Court's authority to provide the relief specified in the Agreed Order based on the record currently before the Court. (D.E. 42, PageID# 275-76.) The Court ordered the Parties to address the following questions:

1. The basis for any declaration of law or injunction to issue from this Court;

2. The basis for Plaintiffs to qualify as "prevailing part[ies]" under 42 U.S.C. § 1988(b) and for an award of $47,250 in attorneys' fees and costs to issue; and

3. The basis for, and feasibility of, the Court retaining jurisdiction to enforce the proposed "Agreed Order and its provisions, ***including but not limited to its declaration of law and permanent injunction***."

(D.E. 42, PageID 276 (citations omitted and emphasis in original).)

## LEGAL STANDARD

Parties to a federal lawsuit may "waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681 (1971). To exercise this right, the parties enter into an agreed order, which is the product of "careful negotiation" resulting in an agreement with "precise terms." *Id.* This agreement "normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation." *Id.* Such an agreement is "both 'a voluntary settlement agreement which could be fully effective without judicial intervention' and 'a final judicial order ... plac[ing] the power and prestige of the court behind the compromise struck by the parties.'" *Vanguards of Cleveland v. City of Cleveland*, 23 F.3d 1013, 1017-18 (6th Cir. 1994) (quoting (*Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)).

## ANALYSIS

The Court has asked that the Parties address the following three points: (1) the basis for a declaration of law or injunction to issue from this Court; (2) the basis for Plaintiffs to qualify as prevailing parties under 42 U.S.C. § 1988(b) and be awarded $47,250 in attorneys' fees and costs; and (3) the basis for, and feasibility of, the Court retaining jurisdiction to enforce the proposed Agreed Order. (D.E. 42, PageID# 276.) For the reasons stated below, the Court has authority to

issue the declaratory and injunctive relief, award attorneys' fees and costs to the Plaintiffs, and retain jurisdiction to enforce the Agreed Order.

**I.       The Court Has Authority, without a Developed Record, to Grant the Injunctive and Declaratory Relief in the Proposed Agreed Order.**

The Court has the authority to issue both declaratory judgments and injunctions. *See* Fed. R. Civ. P. 57, 65. If parties reach an agreement resolving a litigation, a court may exercise its authority to grant the declaratory and injunctive relief that the parties agree to even in the absence of a fully developed record. As the Sixth Circuit recently observed in *Benalcazar v. Genoa Township, Ohio*, 1 F.4th 421 (6th Cir. 2021), so long as the claims at issue in a case are not "frivolous," a district court has "subject matter jurisdiction over them" and with "that jurisdiction" can approve a "settlement" or "consent decree." *Id.* at 425. A court's ""[j]urisdiction . . . is not defeated . . . by the possibility that the averments [in the complaint] might fail to state a cause of action on which petitioners could actually recover." *Id*. "No other merits inquiry [is] required." *Id.* "[I]f that were not the rule—if a district court could never settle a dispute until after resolving a motion to dismiss or for that matter a motion for summary judgment," then such an outcome would "undermine[]" the entire structure upon which settlements are based. *Id.*

Instead, the "law requires only that the 'consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction,'" and that the "consent decree must 'com[e] within the general scope of the case made by the pleadings,' and must further the objectives of the law upon which the complaint was based.'" *Id.* (*quoting Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Here, the proposed Agreed Order meets each of these requirements in *Benalcazar*. The Court has subject matter jurisdiction to hear suits alleging the violations of rights and privileges under the United States Constitution. 28 U.S.C. §§ 1331, 1343. And, in declaring the Challenged

3

Scheme unconstitutional and enjoining its enforcement, the Court would be addressing matters within the general scope of the case and furthering the objectives of the Second and Fourteenth Amendment upon which the complaint was based. (D.E. 30, PageID# 205-7.)

Thus, because the Court has authority to grant declaratory relief and permanent injunctions through consent of the parties, and because it may do so without further inquiry into the merits of the litigation, the Court has authority to approve the proposed Agreed Order. *See also Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 599 (6th Cir. 2014) (describing a consent decree in which the parties agreed that certain Ohio statutes were unconstitutional); *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 226 (6th Cir. 2019) (describing an agreed order the parties entered into titled "Final Judgment Including Permanent Injunction" that permanently enjoined the defendants' future actions).

**II.     The Court Has Authority to Find Plaintiffs the Prevailing Party and Award Them Attorneys' Fees and Costs.**

Pursuant to 42 U.S.C. § 1988(b), this Court, in its discretion, may allow a "prevailing party" in any action brought under § 1983 "a reasonable attorney's fee as part of the costs." A party may be deemed prevailing even if that party has not received a judgment on the merits. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). A court may award attorney's fees as a part of a court-enforced settlement agreement because this agreement represents "a court-ordered 'chang[e][in] the legal relationship between [the plaintiff] and the defendant.'" *Id.* at 604 (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989)). The proposed Agreed Order is just such an agreement. The proposed Agreed Order requires the Parties to comply with its terms; it represents a change in the legal relationship between Plaintiffs and Defendant; and it is subject to enforcement by the Court. (D.E. 41-1, PageID# 269-71.) Therefore, even though there has not been a merits-

based decision in the case, Plaintiffs may nevertheless qualify as prevailing parties under 42 U.S.C. § 1988. *See Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 603-04; *Ohio Right to Life Soc., Inc.*, 590 F. App'x at 600-01.

### III. The Court Has Authority to Retain Jurisdiction over and Enforce the Proposed Agreed Order.

The Court has inherent authority to retain jurisdiction over and enforce the proposed Agreed Order. "Once approved, the prospective provisions of the consent decree operate as an injunction." *Vanguards of Cleveland*, 23 F.3d at 1017-18 (quoting *Williams*, 720 F.2d at 920). The injunctive quality of a such an agreed order "compels the approving court to: (1) retain jurisdiction over the decree during the term of its existence, (2) protect the integrity of the decree with its contempt powers, and (3) modify the decree if 'changed circumstances' subvert its intended purpose." *Id*. (quoting *Williams*, 720 F.2d at 920). There is a limit on who may seek to enforce the order—it "is not enforceable directly or in collateral proceedings by those who are not parties to it." *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 228-29 (6th Cir. 2019) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)). But, when a party to the agreed order seeks to enforce it, a court "must 'protect the integrity of the decree with its contempt powers.'" *Id.* (quoting *Williams*, 720 F.2d at 920). Thus, the Court may retain jurisdiction to enforce the proposed Agreed Order against the Parties in this litigation.

### CONCLUSION

For these reasons, the Court has full authority to issue the requested declaratory and injunctive relief, award attorneys' fees and costs to Plaintiffs, and retain jurisdiction to enforce the Agreed Order.

Respectfully Submitted,

s/ Jay L. Johnson
Jay L. Johnson (B.P.R. No. 020155)
Johnson Law Firm
105 Crook Avenue
P.O. Box 97
Henderson, TN 38340
Phone: 731-989-2608
Email: jay@jayjohnsonlawfirm.com

Raymond M. DiGuiseppe (Pro Hac Vice)
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

William Aaron Sack (Pro Hac Vice)
Firearms Policy Coalition
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Phone: 916-596-3492
Email: wsack@fpclaw.org
*Counsel for Plaintiffs*

and

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Miranda Jones
Miranda Jones (B.P.R. No. 36070)
Assistant Attorney General
Dean S. Atyia (B.P.R. No. 039683)
Team Leader/Assistant Attorney General
Office of the Attorney General and Reporter
Law Enforcement and Special Prosecutions
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 521-0417
Fax: (615) 532-4892
Dean.Atyia@ag.tn.gov
Miranda.Jones@ag.tn.gov
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served through the electronic filing system on this the 6th day of February 2023, upon the following:

Jay L. Johnson
Johnson Law Firm
105 Crook Avenue
PO Box 97
Henderson, TN 38340
Phone: 731-989-2608
Email: jay@jayjohnsonlawfirm.com

Raymond M. DiGuiseppe (Pro Hac Vice)
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

William Aaron Sack (Pro Hac Vice)
Firearms Policy Coalition
1215 K Street
17th Floor
Sacramento, CA 95814
Phone: 916-596-3492
Email: wsack@fpclaw.org
*Counsel for Plaintiffs*

Dean S. Atyia
Team Leader/Assistant Attorney General
Miranda Jones
Assistant Attorney General
Office of the Attorney General and Reporter
Law Enforcement and Special Prosecutions
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 521-0417
Fax: (615) 532-4892

Dean.Atyia@ag.tn.gov
Miranda.Jones@ag.tn.gov
*Counsel for Defendant*

      s/ Miranda Jones
      Miranda Jones