IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **BLAKE BEELER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 3:21-cv-152 |
| ) | Judge Katherine A. Crytzer |
| **JEFF LONG,** ) | Magistrate Judge Debra C. Poplin |
| ) | |
| **Defendant.** ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
CONTINGENT MOTION FOR DISMISSAL**

The Parties hereby jointly request that this Court approve their mutually agreed settlement and compromise, entitled "Settlement Agreement and Release of Liability" (attached as **Exhibit 1**), solely to retain ancillary jurisdiction for future enforcement. Upon such approval, the parties request dismissal of this action with prejudice.

**RELEVANT PROCEDURAL BACKGROUND**

On February 15, 2023, this Court held a status conference, and at its conclusion, stayed this action for thirty days to permit the Parties to consider the issues discussed at the conference, specifically those related to resolution of this case. (D.E. 45.) On March 17, 2023, the Parties filed a "Joint Notice of Settlement Agreement" (D.E. 48), indicating that they had reached agreement resolving this case, and requested until March 24, 2023, to submit additional documentation to resolve the case in accordance with the terms of the settlement agreement. On March 20, 2023, the Court granted the Parties' request and set a deadline of March 24, 2023, for the Parties to either "(1) file an agreed stipulation under Federal Rule of Civil Procedure

1

41(a)(1)(A)(ii) or (2) submit an agreed order of dismissal under E.D. Tenn. ECF Rule 4.8." (D.E. 49.)

## LEGAL STANDARDS

The doctrine of ancillary jurisdiction allows federal courts to exercise jurisdiction "over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994). It allows federal courts to retain jurisdiction over a settlement once the underlying case has been dismissed, for the purpose of enforcing the terms of the settlement. *See id.*

Interpreting *Kokkonen*, the Sixth Circuit has explained that a Court need only include a reasonable indication in its dismissal order that it intends to retain jurisdiction:

> Examining the provision-retaining-jurisdiction language of *Kokkonen*, we have held that the Supreme Court's ruling in that case "requires [only] a reasonable indication that the court has retained jurisdiction, 'such as a provision "retaining jurisdiction" over the settlement agreement.'" Moreover, we have cited with approval the rulings of sister circuits adhering to the broader interpretation of the Kokkonen language, including the Fifth Circuit's holding in *Bell v. Schexnayder*, 36 F.3d 447, 448 (5th Cir.1994), "that the district court had properly retained jurisdiction by including language in its dismissal order that gave the parties the right to reopen the judgment if a settlement was not consummated within sixty days." RE/MAX, 271 F.3d at 643 (footnote omitted).

*Moore v. U.S. Postal Serv.*, 369 F. App'x 712, 716 (6th Cir. 2010) (citing *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001)).

## RELIEF REQUESTED

The Parties respectfully request the Court approve their Settlement Agreement ("Agreement"), dismiss this case with prejudice, and retain ancillary jurisdiction for the purpose of enforcing the terms of the Agreement.

In their original efforts to resolve this litigation, the Parties proposed an agreed order for approval by the Court. (D.E. 41, 41-1.) That proposed order was placed in abeyance (D.E. 45), and during discussions with the Court at the February 15, 2023 status conference, the Parties and the Court discussed "a . . . way for the Court to enter an order agreeing to enforce the parties' settlement agreement but also to retain jurisdiction . . . ." (February 15, 2023, Transcript, 21:21-23 (attached as **Exhibit 2**).)

With that discussion in mind, the Parties negotiated and executed the attached Agreement, which provides that the Parties "will file this [Agreement] in the [litigation] seeking dismissal of the [litigation] and jointly requesting that the Court retain jurisdiction for the sole purpose of enforcing this [Agreement] . . ." (Exhibit 1 § III.6.)

The Court's March 20, 2023, Order contemplates dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) or an agreed order of dismissal under E.D. Tenn. ECF Rule 4.8. (D.E. 49.) The Parties are not able to utilize Rule 41(a)(1)(A)(ii) because it operates as an immediate dismissal, which would not take into account the request above that the Court retain jurisdiction. Plaintiffs must also ensure that a dismissal does not foreclose a motion for attorneys' fees. Therefore, the Parties suggest an order pursuant to either Rule 41(a)(2) or ECF Rule 4.8.

Rule 41(a)(2) provides that an action may be dismissed at a "plaintiff's request by Court order, on terms that the court considers proper . . . ." With that in mind, the Parties jointly request that the Court dismiss this action **with prejudice** and enter an order of dismissal that provides for the Court's ancillary jurisdiction and the opportunity for Plaintiffs to file a motion for attorneys' fees.

To the extent that ECF Rule 4.8 is a more appropriate vehicle to accomplish these tasks, the Parties submit a Proposed Order (**Exhibit 3**) pursuant to ECF Rule 4.8 should the Court wish to enter it in lieu of an order pursuant to Fed. R. Civ. P. 41(a)(2).

Respectfully Submitted,

s/ Jay L. Johnson
Jay L. Johnson (B.P.R. No. 020155)
Johnson Law Firm
105 Crook Avenue
P.O. Box 97
Henderson, TN 38340
Phone: 731-989-2608
Email: jay@jayjohnsonlawfirm.com

Raymond M. DiGuiseppe (Pro Hac Vice)
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

William Aaron Sack (Pro Hac Vice)
Firearms Policy Coalition
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Phone: 916-596-3492
Email: wsack@fpclaw.org
*Counsel for Plaintiffs*

and

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Miranda Jones
Miranda Jones (B.P.R. No. 36070)
Assistant Attorney General
Dean S. Atyia (B.P.R. No. 039683)
Team Leader/Assistant Attorney General
Office of the Attorney General and Reporter

4
Case 3:21-cv-00152-KAC-DCP   Document 50   Filed 03/24/23   Page 4 of 6   PageID #: 374

Law Enforcement and Special Prosecutions
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 521-0417
Fax: (615) 532-4892
Dean.Atyia@ag.tn.gov
Miranda.Jones@ag.tn.gov
*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served through the electronic filing system on this the 24th day of March 2023, upon the following:

Jay L. Johnson
Johnson Law Firm
105 Crook Avenue
PO Box 97
Henderson, TN 38340
Phone: 731-989-2608
Email: jay@jayjohnsonlawfirm.com

Raymond M. DiGuiseppe (Pro Hac Vice)
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road
Suite 300
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

William Aaron Sack (Pro Hac Vice)
Firearms Policy Coalition
1215 K Street
17th Floor
Sacramento, CA 95814
Phone: 916-596-3492
Email: wsack@fpclaw.org
*Counsel for Plaintiffs*

                                                s/ Miranda Jones
                                                Miranda Jones

6

Case 3:21-cv-00152-KAC-DCP   Document 50   Filed 03/24/23   Page 6 of 6   PageID #: 376