# SETTLEMENT AGREEMENT AND RELEASE OF LIABILITY

It is the intent of the parties to this Settlement Agreement and Release of Liability (the "AGREEMENT") to fully settle all claims and potential claims against the State of Tennessee, including its employees, agents, agencies, and instrumentalities (collectively, the "STATE"), that relate to or arise out of the complaint and lawsuit filed by Firearms Policy Coalition ("FPC"), Blake Beeler ("BEELER"), and Logan Ogle ("OGLE") (collectively, "PLAINTIFFS") against Jeff Long ( "DEFENDANT"), in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, captioned *Beeler, et al. v. Long*, Case No. 3:21-cv-00152 (E.D. Tenn.)

## I. ADDITIONAL DEFINITIONS

The "LITIGATION" is defined to mean the lawsuit captioned *Beeler, et al. v. Long*, Case No. 3:21-cv-00152 (E.D. Tenn.)

The "PARTIES" to this Agreement is defined to mean FPC, BEELER, OGLE, and LONG.

The "CLAIMS" this Agreement resolves is defined to mean any and all actual or potential claims that have been brought or could have been brought in the LITIGATION, or that in any way relate to the LITIGATION.

The "CHALLENGED FRAMEWORK" is defined to mean any enforcement of Tenn. Code Ann §§ 39-17-1307(a)(1), (a)(2), (g)(1), 39-17-1351(b)-(c), and 1366(b)(3), and—to the extent they exist—any related regulations, policies, procedures, practices, and customs that DEFENDANT may administer, implement, and/or enforce pursuant to Tenn. Code Ann §§ 39-17-1307(a)(1), (a)(2), (g)(1), 39-17-1351(b)-(c), and 1366(b)(3) in order to restrict individuals aged eighteen years old to twenty years old from carrying handguns or obtaining permits to carry handguns on the basis of age alone. The CHALLENGED FRAMEWORK does not encompass any enforcement of Tenn. Code Ann §§ 39-17-1307(a)(1), (a)(2), (g)(1), 39-17-1351(b)-(c), and 1366(b)(3), and any related regulations, policies, procedures, practices, and customs that DEFENDANT administers, implements, and/or enforces pursuant to Tenn. Code Ann §§ 39-17-1307(a)(1), (a)(2), (g)(1), 39-17-1351(b)-(c), and 1366(b)(3), that restricts individuals from carrying handguns or obtaining permits to carry handguns for some reason or reasons other than *age alone*.

## II. BACKGROUND

The PARTIES, having reached agreement, state the following background facts in support of this AGREEMENT:

1. Prior to the filing of this LITIGATION, DEFENDANT, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, actively enforced, administered, or implemented laws, and—to the extent they exist—any related regulations, policies, procedures, practices, and customs, regulating the possession and carrying of handguns

that restricted individuals aged eighteen years old to twenty years old from carrying handguns or obtaining permits to carry handguns on the basis of age alone.

2. On April 22, 2021, PLAINTIFFS filed their complaint in this action. On September 6, 2022, PLAINTIFFS filed their First Amended Complaint to declare unconstitutional and enjoin the CHALLENGED FRAMEWORK. PLAINTIFFS argued that, on account of their age alone, the CHALLENGED FRAMEWORK made them categorically ineligible for an enhanced handgun carry permit under Tenn. Code Ann. § 39-17-1351 or a concealed handgun carry permit under Tenn. Code Ann. § 39-17-1366, categorically ineligible for any permitless carry under Tenn. Code Ann. § 39-17-1307, and otherwise generally barred them from exercising the full scope of public carry rights they would otherwise be entitled to exercise.

3. The CHALLENGED FRAMEWORK regulating the possession and carrying of handguns restricts individuals aged eighteen years old to twenty years old from carrying handguns or obtaining permits to carry handguns on the basis of age alone.

4. The United States Supreme Court issued its decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 213 L. Ed. 2d 387, 142 S. Ct. 2111 (2022), on June 23, 2022.

5. The parties agree that the CHALLENGED FRAMEWORK violates the Second and Fourteenth Amendments to the United States Constitution.

### III. TERMS OF AGREEMENT

1. DEFENDANT, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, as well as his officers, agents, employees, and all others acting under his direction and control, will not implement or enforce the CHALLENGED FRAMEWORK to prevent individuals aged eighteen years old to twenty years old from carrying handguns or obtaining permits to carry handguns on the basis of age alone.

2. DEFENDANT, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, shall provide a copy of this AGREEMENT to the Tennessee District Attorneys General Conference, the Tennessee Sheriffs' Association, and the Tennessee Association of Chiefs of Police.

3. DEFENDANT, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, shall implement any and all procedures necessary to accept and review enhanced handgun carry permit applications under Tenn. Code Ann. § 39-17-1351 and concealed handgun carry permit applications under Tenn. Code Ann. § 39-17-1366 submitted by individuals aged eighteen years old to twenty years old and shall not deny issuance of such a permit on the basis of age alone. This provision shall be satisfied by the implementation of an application acceptance, processing, and permit issuance system that allows for acceptance of permit applications and issuance of permits, and any associated training to employees who interface with or otherwise implement the system and application process.

4. DEFENDANT, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, shall, no later than ninety days from the Court's ruling on retaining jurisdiction as contemplated in Section III.6, begin processing enhanced handgun carry permit applications under Tenn. Code Ann. § 39-17-1351 and concealed handgun carry permit applications under Tenn. Code Ann. § 39-17-1366 received from individuals aged eighteen years old to twenty years old. DEFENDANT shall issue the requested permits in a time and manner that is equivalent or substantially similar to the time and manner for issuance of permits to qualified applicants who are 21 years of age or older.

5. DEFENDANT, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, agrees that PLAINTIFFS may file an unopposed motion pursuant to 42 U.S.C. § 1988(b) in the LITIGATION for an award of attorneys' fees and costs in the amount of $47,250.00.

6. Within fifteen days after execution of this AGREEMENT, the PARTIES will file this AGREEMENT in the LITIGATION, seeking dismissal of the LITIGATION and jointly requesting that the Court retain jurisdiction for the sole purpose of enforcing this AGREEMENT against the PARTIES. The rights and benefits conferred by this AGREEMENT, and the promises made herein, are enforceable only by the PARTIES to this agreement, but not by any third-party or collateral beneficiary, whether known or unknown, nor by any party in privity with the PARTIES.

7. This AGREEMENT is a final and conclusive resolution of the LITIGATION. All unadjudicated damages, injuries, claims, demands, or causes of action—known or unknown—arising from, related to, or in any way connected to the LITIGATION, that have accrued through the date of this AGREEMENT, that were or could have been brought by the PARTIES, their privies, or their agents, whether current or former, in their official and individual capacities, against one another, shall be deemed released, waived, dismissed, withdrawn, and/or denied as moot, except as may be necessary to enforce the terms of AGREEMENT., provided, however, that, consistent with Section III.8, nothing in this AGREEMENT shall preclude DEFENDANT, PLAINTIFFS or FPC from bringing an action to enforce the terms of this AGREEMENT.

8. Before initiating any action to enforce the terms this AGREEMENT for an alleged violation, PLAINTIFFS shall notify DEFENDANT and attempt to discuss the alleged violation with DEFENDANT and shall further allow DEFENDANT a reasonable time, which shall in no event exceed 30 days from DEFENDANT'S receipt of notice of an alleged violation, to cure the alleged violation. Further, any action to enforce the terms of this AGREEMENT shall be limited to the PARTIES, and not by any third-party or collateral beneficiary, whether known or unknown, nor by any party in privity with the PARTIES.

*SIGNATURE PAGE FOLLOWS*

_____    3-16-23
BLAKE BEELER                      Date:


_____    _____
LOGAN OGLE                        Date:


_____    _____
WILLIAM SACK                      Date:
*FIREARMS POLICY COALITION*


_____    _____
JEFF LONG                         Date:
*In his Official Capacity as Commissioner*
*Of the Department of Safety and Homeland*
*Security and on behalf of the State of Tennessee*

Page **2** of **2**

_____    _____
BLAKE BEELER                      Date:


_____    _____
LOGAN COLE                        Date: 3/17/23


_____    _____
WILLIAM SACK                      Date:
*FIREARMS POLICY COALITION*


_____    _____
JEFF LONG                         Date:
*In his Official Capacity as Commissioner*
*Of the Department of Safety and Homeland*
*Security and on behalf of the State of Tennessee*

_____   _____
BLAKE BEELER                          Date:


_____   _____
LOGAN OGLE                            Date:


_____   March 17, 2023
BRANDON COMBS                         Date: _____
*FIREARMS POLICY COALITION, INC.*


_____   _____
JEFF LONG                             Date:
*In his Official Capacity as Commissioner*
*Of the Department of Safety and Homeland*
*Security and on behalf of the State of Tennessee*

BLAKE BEELER                                    Date:

LOGAN OGLE                                      Date:

BRANDON COMBS                                   Date:
*FIREARMS POLICY COALITION*

*[signature: Jeff Long]*                        March 17, 2023
JEFF LONG                                       Date:
*In his Official Capacity as Commissioner*
*Of the Department of Safety and Homeland*
*Security and on behalf of the State of Tennessee*