```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TENNESSEE
 2                     AT KNOXVILLE, TENNESSEE
   _____
 3                                         )
    BLAKE BEELER, et al,                   )
 4                                         )
         Plaintiffs,                       )
 5                                         )
    vs.                                    )  Case No. 3:21-CV-152
 6                                         )
    JEFF LONG,                             )
 7                                         )
         Defendant.                        )
 8                                         )
   _____)
 9

10                          **MOTION HEARING**
             **BEFORE THE HONORABLE KATHERINE A. CRYTZER**
11
                         **February 15, 2023**
12                            **10:05 a.m.**

13
   APPEARANCES:
14
        ON BEHALF OF THE PLAINTIFFS:
15
        RAYMOND MARK DIGUISEPPE, ESQ.
16      The DiGuiseppe Law Firm, P.C.
        4320 Southport-Supply Road, Ste. 300
17      Southport, NC  28461

18      JAY LANCE JOHNSON, ESQ.
        P.O. Box 97
19      Hendersen, TN  38340

20

21

22
   REPORTED BY:
23
   Kara L. Nagorny, RMR, CRR
24 P.O. Box 1121
   Knoxville, TN  37901
25 (865) 264-9628
```

```
 1  APPEARANCES (Cont.)

 2      ON BEHALF OF THE DEFENDANT:

 3      DEAN S. ATYIA, ESQ.
        MIRANDA JONES, ESQ.
 4      Tennessee Attorney General's Office
        P.O. Box 20207
 5      Nashville, TN  37202

 6

 7                          * * * * * *

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  complicated, because if the parties enter the kind of instrument
2  you're talking about, it would -- I don't think there would be a
3  court order necessary.  The parties would agree to that
4  settlement, and this it would -- in most cases, I think you
5  could work it so there's a court order, but in most cases that
6  settlement would result in an agreement for joint dismissal of
7  this action, and it would depend, the enforceability of the
8  settlement against the state would depend on the terms of the
9  settlement agreement.
10             So if the settlement agreement provided, you know, the
11 parties understand that in ten third-party beneficiaries of this
12 agreement are all 18 to 20-year-olds, you know, certain
13 language, Your Honor, that would encapsulate the kind of
14 individual you're talking about, then I think as a question of
15 contract law and third-party beneficiary status, that person
16 could with the right language bring that into a court and move
17 to enforce it against the state; but I think it would all depend
18 on the language of the settlement agreement, because that would
19 be outside of the court's order and interpreted on its own
20 terms.
21             THE COURT:  And Mr. Atyia, there's a separate way for
22 the Court to enter an order agreeing to enforce the parties'
23 settlement agreement but also to retain jurisdiction that would
24 take a slightly different form than what the parties have asked
25 the Court to enter here, but it would avoid the issue that's