IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE BEELER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:21-cv-152 |
| ) | Judge Katherine A. Crytzer |
| JEFF LONG, ) | Magistrate Judge Debra C. Poplin |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION FOR ATTORNEY'S FEES**

Following the parties' Joint Motion to Approve Settlement Agreement and Contingent Motion for Dismissal (D.E. 50), and the Agreed Order under which the Court approved the terms of the Settlement Agreement for purposes of retaining jurisdiction to enforce its terms in any future action brought by the parties and dismissed the action except to that extent (D.E. 51), Plaintiffs now bring this unopposed motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b).

As stated in the supporting Declaration of Raymond M. DiGuiseppe, lead counsel for the plaintiffs in this case, through counsel, the parties have engaged in lengthy, detailed communications over a period of several weeks regarding the figure of attorney's fees and costs being sought through this motion, including discussions about the specific basis for those fees and costs as well as the hourly rate applied to the work involved. DiGuiseppe Decl. ¶¶ 2-3.

Counsel for the parties have all agreed that the basis, the rate, and the total figure of fees and costs are "reasonable" within the meaning and intent of 42 U.S.C. § 1988(b). *Id.* at ¶ 4. Accordingly, the requested figure of $47,250 has been presented to the Court with the defendant's express agreement and consent twice now—first as part of the Agreed Order the parties proposed on January 23, 2023 (D.E. 41-1) and most recently as part of the Joint Motion to Approve

Settlement Agreement and Contingent Motion for Dismissal on March 24, 2023 (D.E. 50), under which the defendant agreed this motion shall be "unopposed" (D.E. 50-1, p. 3, ¶ 5). *Id.* at ¶ 5.

Accordingly, there is no dispute and has been no dispute regarding the reasonableness of the attorney's fees and costs being sought in this case. *Id.* at ¶ 6. In fact, the total figure of fees and costs was established over two months ago, and the plaintiffs have not sought any increase in the figure despite having invested a substantial amount of additional time into the case to date. *Id.*

The judgment of the parties' counsel about the reasonableness of this figure is based on their extensive experience handling civil rights matters of this nature. *Id.* at ¶¶ 7-8.

Moreover, as the law allows and as the parties have further agreed, the plaintiffs can be and properly are considered a "prevailing party" for purposes of issuing the requested award. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs"). As the parties explained in their Joint Supplemental Brief regarding the initially proposed Agreed Order (D.E. 43), such an award is proper and appropriate based on the procedural and substantive posture of the case following the parties' Settlement Agreement and Contingent Motion for Dismissal:

> A party may be deemed prevailing even if that party has not received a judgment on the merits. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). A court may award attorney's fees as a part of a court-enforced settlement agreement because this agreement represents "a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" *Id.* at 604 (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989)). The proposed Agreed Order is just such an agreement. The proposed Agreed Order requires the Parties to comply with its terms; it represents a change in the legal relationship between Plaintiffs and Defendant; and it is subject to enforcement by the Court. (D.E. 41-1, PageID# 269-71.) Therefore, even though there has not been a merits-based decision in the case, Plaintiffs may nevertheless qualify as prevailing parties under 42 U.S.C. § 1988. See Buckhannon Bd. & Care Home, Inc., 532 U.S. at 603-04; Ohio Right to Life Soc., Inc., 590 F. App'x at 600-01.

*Id.* at 4-5.

The parties' settlement agreement, as to which the Court has retained jurisdiction for enforcement purposes, represents just such a "change in legal relationship" that is "subject to enforcement by the Court," thereby qualifying plaintiffs as "prevailing parties" for these purposes.

For these reasons, the plaintiffs respectfully request that the Court grant this unopposed motion for attorney's fees and costs in the amount of $47,250.

Dated: April 6, 2023

Respectfully Submitted,

s/ *Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe (Pro Hac Vice)
The DiGuiseppe Law Firm, P.C.
116 N. Howe Street, Suite A
Southport, NC 28461
Phone: 910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

Jay L. Johnson (B.P.R. No. 020155)
Johnson Law Firm
105 Crook Avenue
P.O. Box 97
Henderson, TN 38340
Phone: 731-989-2608
Email: jay@jayjohnsonlawfirm.com

William Aaron Sack (Pro Hac Vice)
Firearms Policy Coalition
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Phone: 916-596-3492
Email: wsack@fpclaw.org
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically and served through the electronic filing system on this the 6th day of April 2023, upon the following:

Dean S. Atyia
Acting Assistant Attorney General
Office of the Attorney General and Reporter
Law Enforcement and Special Prosecutions
P.O. Box 20207
Nashville, Tennessee 37202-0207

Miranda Jones
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
*Counsel for Defendant*

                                                  s/ Raymond M. DiGuiseppe
                                                  Raymond M. DiGuiseppe