UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE BEELER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No.:   3:21-CV-152-KAC-DCP |
| | ) |
| JEFF LONG, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES**

Before the Court is Plaintiffs' "Unopposed Motion for Attorney's Fees" [Doc. 52], "Declaration in Support" [Doc. 52-1], and "Supplemental Declaration in Support" [Doc. 53]. Because Plaintiffs qualify as a "prevailing party" and the fee request is "reasonable," the Court grants Plaintiffs' motion. *See* 42 U.S.C. § 1988(b).

### I. Procedural Background

On April 22, 2021, Plaintiffs filed a Complaint under 42 U.S.C. § 1983, alleging that Tennessee's "administration, implementation, and enforcement" of Tennessee Code Annotated §§ 39-17-1307(a), 39-17-1351(b)-(c), and 39-17-1366(b)(3) violated the Second and Fourteenth Amendments [Doc. 1 ¶¶ 96-106]. The then-Defendants initially filed a "Motion to Dismiss Plaintiffs' Complaint" [Doc. 14], which Plaintiffs opposed [*See* Doc. 20]. On June 23, 2022, the Supreme Court issued a decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Thereafter, the Court held a conference to address the intervening precedent and any impact it may have on this case [*See* Doc. 27]. Following the conference, the Court granted the Parties' joint motion to stay the case "to permit Plaintiffs to file an amended complaint" post *Bruen* [Doc. 28].

On September 6, 2022, Plaintiffs filed an Amended Complaint [*See* Doc. 30]. On November 14, 2022, the Parties notified the Court that they "agreed on a path to resolution of the case" [Doc. 37 at 1]. On January 23, 2023, the Parties submitted an initial "Joint Motion to Enter Agreed Order" [*See* Doc. 41]. On February 15, 2023, the Court held a hearing on that Motion to address the requested remedy and appropriate scope of relief [*See* Docs. 42; 44; 45]. After the hearing, the Court briefly stayed the action again "to permit the Parties to consider the issues raised at the motion hearing" [Doc. 45].

On March 24, 2023, the Parties filed a new "Joint Motion to Approve Settlement Agreement and Contingent Motion for Dismissal" [Doc. 50]. The Parties attached their executed settlement agreement to the Motion [Doc. 50-1]. In the settlement agreement, the Parties agreed that the challenged portions of Tennessee's laws "violate[] the Second and Fourteenth Amendments" [*Id.* at 2]. Defendant agreed to "not implement or enforce" the challenged portions of the laws against Plaintiffs and certain others [*Id.*]. On March 27, 2023, the Court issued an "Agreed Order," [Doc. 51], granting the Parties' "Joint Motion to Approve Settlement Agreement and Contingent Motion for Dismissal" and requiring Plaintiffs "to bring any final motions" within "thirty days" of the Agreed Order, [*id.* at 2].

On April 6, 2023, Plaintiffs filed the instant Motion, requesting "attorney's fees and costs in the amount of $47,250" under 42 U.S.C. § 1988(b) [Doc. 52 at 1, 3]. The Parties agreed that Plaintiffs qualify as a "prevailing party" and that "the basis, the rate, and the total figure of fees and costs are 'reasonable'" [Doc. 52 at 1 (quoting 42 U.S.C. § 1988(b)), 2]. The $47,250 fee request includes an amount for (1) the required filing fee in this Court and (2) attorney work performed in this case [Doc. 53 at 2]. The filing fee in this case was $402 [*Id.*]. As for the attorney work, Plaintiffs' counsel expended "125 hours of time" on this matter through January 23, 2023

2

[*See id.* at 1]. During these hours, Counsel drafted "the initial complaint," opposed the "motion to dismiss" the initial complaint, "attend[ed] hearings before the Court," researched and drafted the "amended complaint," and "engag[ed] in extensive settlement discussions" [*Id.* at 1-2]. Plaintiffs excluded from their request "many more unclaimed hours involving negotiations" and other work after January 23, 2023 [*Id.* at 2]. Plaintiffs claimed a rate of $375 per hour for counsel's time [*Id.*]. The Parties agreed that $375 per hour is a "reasonable" rate based on their expertise and experience [*Id.*; Doc. 52 at 2].

## II. Legal Standard

42 U.S.C. § 1988(b) permits the Court "in its discretion" to award "a reasonable attorney's fee as part of the costs" to "the prevailing party" "[i]n any action or proceeding to enforce a provision of section[] . . . 1983." 42 U.S.C. § 1988(b). Section 1988(b) establishes two (2) requirements to obtain relief. *See Roberts v. Neace*, No. 22-5985, 2023 WL 2857250, at *2 (6th Cir. Apr. 10, 2023). **First**, Plaintiffs must qualify as a "prevailing party." 42 U.S.C. § 1988(b). "To be eligible for that status, a plaintiff must have 'been awarded some relief by the court.'" *Tenn. State Conf. of NAACP v. Hargett*, 53 F.4th 406, 410 (6th Cir. 2022) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). The relief awarded "must directly benefit the 'plaintiff by modifying the defendant's behavior toward him.'" *Id.* (quoting *McQueary v. Conway*, 614 F.3d 591, 598 (6th Cir. 2010)). "[S]ettlement agreements" "may serve as the basis for an award of attorney's fees" where they include "a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" *Buckhannon Bd. & Care Home*, 532 U.S. at 604 (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 1, 3-4 (1988) (per curiam)).

3

***Second***, the requested attorney's fee must be "reasonable." *See* 42 U.S.C. § 1988(b); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). There exists "[a] strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee." *Murphy v. Smith*, 138 S. Ct. 784, 789 (2018) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). "[T]he party seeking an attorney's fees award under § 1988(b) bears the burden to demonstrate why its fee request is reasonable." *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 226 (6th Cir. 2021). The Court must "provide a concise but clear explanation of its reasons for the fee award," *Hensley*, 461 U.S. at 437, "based on its 'overall sense of a suit,'" *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

### III. Analysis

Plaintiffs' Motion is meritorious. ***First***, Plaintiffs qualify as a "prevailing party." The "Agreed Order" [Doc. 51] changed the legal relationship between Plaintiffs and Defendant. The Court "approve[d]" the terms of the Parties' settlement agreement and "retain[ed] ancillary jurisdiction to enforce [the settlement agreement's] terms in a future action brought by the Parties" [*Id.* at 2]. In that way, the Court's Order provided Plaintiffs material and enduring relief from an agreed violation of their Constitutional rights, qualifying Plaintiffs as a "prevailing party." *See Buckhannon Bd. & Care Home*, 532 U.S. at 604; *Roberts*, 2023 WL 2857250, at *2-3 (holding that plaintiffs qualified as a prevailing party upon the court's preliminary injunctions that "stopp[ed]" a defendant "from enforcing his orders," "preclud[ed] prosecution," and permitted plaintiffs to act in a way that defendant "had 'previously resisted'").

***Second***, Plaintiffs' fee request is "reasonable." Plaintiffs are entitled to the $402 filing fee in this case. *See Hunter v. Hamilton Cnty. Bd. of Elections*, No. 10-CV-820, 2013 WL 5467751,

4

at *22 (S.D. Ohio Sept. 30, 2013). The 125 hours claimed for a case involving such complex and thorough litigation and extended negotiations is likewise reasonable. *See Ne. Ohio Coal. for the Homeless*, 831 F.3d at 703. Counsel's exclusion of compensable time worked after January 23, 2023—including preparing for and attending a hearing before this Court—adds to the reasonableness of Plaintiffs' request. *See Villegas v. Metro. Gov't of Davidson Cnty./Nashville-Davidson Cnty. Sheriff's Off.*, No. 9-219, 2012 WL 4329235, *13 (M.D. Tenn. Sept. 20, 2012) ("[E]xclusion of compensable time adds further credence to the reasonableness of the[] fee request."). And an hourly rate of $375 is reasonable for experienced counsel in East Tennessee who litigated a matter of Constitutional impact. *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (approving a $400 hourly rate as reasonable); *L.H. v. Hamilton Cnty. Dep't of Educ.*, 356 F. Supp. 3d. 713, 723-24 (E.D. Tenn. 2019) (concluding that rate of $400 per hour for an experienced attorney in Chattanooga, Tennessee was "in line with those prevailing in the community"); *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965-66 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018) (concluding that rate of $350 per hour for Knoxville, Tennessee attorney was reasonable in light of "declarations of experienced lawyers in the Knoxville area identifying $350-$400 as a reasonable rate"). The combined lodestar attorney's fees—$46,875 (hours x rate)—represents the reasonable value of experienced counsel in this case. *See Murphy*, 138 S. Ct. at 789. Plaintiffs' fee request is therefore reasonable.[1]

---

[1] At the end, Plaintiffs "rounded" their fee request "down" to $47,250 "for simplicity" [Doc. 53 at 2].

5

## IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' "Unopposed Motion for Attorney's Fees" [Doc. 52] and **ORDERS** Defendant to pay Plaintiffs **$47,250**.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge